UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARGARET M. WOLF,

                Plaintiff,

    -vs-                              **No. 1:15-CV-00036 (MAT)**
                                        **DECISION AND ORDER**
NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                Defendant.

---

## I. Introduction

Represented by counsel, plaintiff Margaret M. Wolf ("plaintiff") brings this action pursuant to the Social Security Act (the "Act"), seeking review of the final decision of defendant the Acting Commissioner of Social Security[1] (the "Commissioner" or "defendant") denying her application for supplemental security income ("SSI"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, plaintiff's motion is granted to the extent that this case is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order, and the Commissioner's motion is denied.

---

[1] Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security on January 23, 2017. The Clerk of the Court is instructed to amend the caption of this case pursuant to Federal Rule of Civil Procedure 25(d) to reflect the substitution of Acting Commissioner Berryhill as the defendant in this matter.

## II. Procedural History

Plaintiff protectively filed an application for SSI on July 19, 2012, which was denied. Administrative Transcript ("T.") 49-60, 109-14. At plaintiff's request, a hearing was held before administrative law judge ("ALJ") Robert C. Dorf on July 29, 2013. T. 25-43. On August 27, 2013, ALJ Dorf issued a decision in which he found that plaintiff was not disabled as defined in the act. T. 9-21. The Appeals Council denied plaintiff's request for review, rendering the ALJ's determination the Commissioner's final decision. T. 1-5. This action followed.

## III. The ALJ's Decision

At step one of the five-step sequential evaluation, see 20 C.F.R. §§ 404.1520, 416.920, the ALJ determined that plaintiff had not engaged in substantial gainful activity since July 19, 2012, the alleged onset date. T. 14. At step two, the ALJ found that plaintiff suffered from the severe impairments of mood disorder, NOS, and substance abuse disorder.[2] *Id.* At step three, the ALJ found that plaintiff's impairments, including the substance use disorders, met sections 12.04, 12.06, and 12.09 of 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d)). *Id.*

"In 1996, Congress enacted the Contract with America Advancement Act . . .which amended the Act by providing that [a]n

---

[2]As discussed later in this Decision and Order, the medical evidence of record is incomplete with respect to plaintiff's mental health treatment. It is therefore unclear whether a more complete record would have revealed additional severe impairments.

2

individual shall not be considered ... disabled ... if alcoholism or drug addiction would ... be a contributing factor material to the Commissioner's determination that the individual is disabled." *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 123 (2d Cir. 2012) (internal quotations omitted). Accordingly, the ALJ next considered whether, if plaintiff stopped her substance abuse, the remaining limitations would cause more than a minimal impact on her ability to perform basic work activities, and concluded that they would. T. 16. However, the ALJ also concluded that if plaintiff stopped her substance abuse, she would not have an impairment or combination of impairments that would meet or medically equal one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1. *Id.*

Before proceeding to step four, the ALJ determined that, if plaintiff stopped her substance abuse and considering all of plaintiff's impairments, plaintiff retained the RFC to perform light work as defined in 20 CFR 416.967(b) "except that [she] is limited to performing simple, routine, and repetitive tasks in a low stress environment requiring no decision-making and no numerical production daily quota work. In addition, [she] is precluded from operating machinery, can only occasionally climb stairs, and can tolerate only occasional exposure to dusts, gases, fumes, and temperature extremes." T. 17.

At step four, the ALJ found that plaintiff had no past relevant work. T. 19. At step five, the ALJ concluded that, considering plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that plaintiff could perform if she stopped her substance abuse. T. 20. Accordingly, the ALJ found plaintiff not disabled.

**IV. Discussion**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); see also *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000).

    **I.   The ALJ Failed to Develop the Record**

Plaintiff argues that remand of this case is required because the ALJ failed to adequately develop the record regarding plaintiff's impairments. In particular, plaintiff contends that the ALJ made no effort to obtain missing mental health records, despite having been put on notice that they existed. The Court agrees that the ALJ failed to adequately inquire into whether additional mental health records existed and could be obtained, and that remand is therefore required.

"[I]t is the well-established rule in our circuit that the social security ALJ, unlike a judge in a trial, must on behalf of all claimants ... affirmatively develop the record in light of the essentially non-adversarial nature of a benefits proceeding." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotation omitted). This duty is present "[e]ven when a claimant is represented by counsel." *Id*. However, "where there are no obvious gaps in the administrative record, and where the ALJ already possesses a 'complete medical history,' the ALJ is under no obligation to seek additional information...." *Rosa v. Callahan*, 168 F.3d 72, 79 n.5 (2d Cir. 1999) (quoting *Perez v. Chater*, 77 F.3d 41, 48 (2d Cir. 1996)).

Here, notes from plaintiff's providers at the Council on Addiction Recovery Services outpatient chemical dependency program indicate that she was seeing a mental health counselor (*see* T. 278-79). Plaintiff testified before the ALJ that she "was seeing mental health [sic]" but that her "insurance was only going to pay for so many sessions." T. 37. The ALJ was thus clearly put on notice that plaintiff had seen a mental health counselor, yet no records from any such provider were provided. Accordingly, there was an obvious gap in the record that the ALJ was required to take reasonable steps to fill. The ALJ did not do so, having apparently neither requested that plaintiff obtain these records nor attempted to obtain them himself.

The Commissioner contends that the ALJ did not err in failing to seek out additional mental health records because plaintiff has not shown that any particular records are missing. However, "[i]t is the ALJ's duty to investigate and develop the facts and ... arguments both for and against the granting of benefits...." *Butts v. Barnhart*, 388 F.3d 377, 386 (2d Cir. 2004) (quotation marks and citations omitted). In other words, the ALJ is not required to act only where it is crystal clear that additional medical records exist - instead, he has an affirmative obligation to perform additional investigation when, as is the case here, the record reasonably suggests that the medical evidence is incomplete.

The Court also cannot conclude that the ALJ's error was harmless. As plaintiff notes, the mental health records at issue relate to a period during which she was sober, and are therefore potentially directly relevant to her capacity to function in the absence of substance abuse. Under these circumstances, remand for further development of the record is necessary.

**II. The Court Declines to Reach Plaintiff's Other Arguments**

Plaintiff also argues that the ALJ failed to appropriately adduce testimony related to her mental impairments, improperly concluded that drug and alcohol abuse were material factors in her disability, and failed to assess a severe impairment of borderline intellectual functioning. Because the Court has determined that remand for further development of the record is necessary, it need not and does not reach these issues. On remand and after the required additional development of the record, the Commissioner

should revisit her determinations regarding materiality and plaintiff's intellectual functioning in light of the record as a whole.

**V. Conclusion**

For the foregoing reasons, plaintiff's motion for judgment on the pleadings motion (Docket No. 7) is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. The Commissioner's motion for judgment on the pleadings (Docket No. 10) is denied. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                        **S/Michael A. Telesca**
                                        HON. MICHAEL A. TELESCA
                                        United States District Judge

Dated:    August 30, 2017
            Rochester, New York.